UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANE E. O'BRIEN,<br><br>   Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER and WILMINGTON TRUST, NATIONAL ASSOCIATION, AS SUCCESSOR TRUSTEE TO CITIBANK, N.A., AS TRUSTEE FOR BEAR STEARNS ALT-A TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-6,<br><br>   Defendants. | Civil Action No.<br><br>(Norfolk Superior Court No. 2382CV00268) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 & 1446, Defendant Nationstar Mortgage LLC d/b/a Mr. Cooper ("Mr. Cooper") and Defendant Wilmington Trust, N.A., as Successor Trustee to Citibank, N.A., as Trustee for Bear Stearns Alt-A Trust, Mortgage Pass-Through Certificates, Series 2006-6 ("Wilmington Trust") (collectively, "Defendants") hereby remove the action entitled *Jane E. O'Brien v. Nationstar Mortgage LLC d/b/a Mr. Cooper and Wilmington Trust, N.A., as Successor Trustee to Citibank, N.A., as Trustee for Bear Stearns Alt-A Trust, Mortgage Pass-Through Certificates, Series 2006-6*, Superior Court, Civil Action Number 2382CV00268 (the "Superior Court Action"), to the United States District Court for the District of Massachusetts (the "District Court"). Pursuant to LR 3.1, the Civil Cover Sheet and Category Sheet to accompany this Notice of Removal are attached hereto as **Exhibit A.** The ground for removal is diversity of jurisdiction due to the diverse citizenship of the parties. In the event any question arises as to the

propriety of the removal of this matter, Defendants request the opportunity to submit briefs and be heard at oral argument in support of its position that removal is property. Defendants' specific grounds for removal of this action are as follows:

1. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed timely.

    a. Plaintiff Jane E. O'Brien ("Plaintiff") filed this action on or about March 28, 2023. True and accurate copies of the Complaint and Jury Trial Demand ("Complaint") and other pleadings served on Defendants are attached hereto as **Exhibit B.**

    b. This Notice of Removal is filed with the District Court within thirty (30) days of service of the initial pleadings in the Superior Court Action.

2. Pursuant to 28 U.S.C. § 1332(a), there is complete diversity of citizenship between the Plaintiff and the Defendants.

    a. The Complaint alleges that Plaintiff resides in Needham, Massachusetts. Compl. ¶ 6.

    b. Defendant Mr. Cooper is a Delaware limited liability company with its principal place of business in the state of Texas. For purposes of diversity jurisdiction, Mr. Cooper is a citizen of both Delaware and Texas. Defendant has two members, identified as follows:

    i. Nationstar Sub1 LLC ("Sub1"), a Delaware limited liability company with a principal place of business in Texas;

    ii. Nationstar Sub2 LLC ("Sub2"), a Delaware limited liability company with a principal place of business in Texas; and

    iii. The sole member of both Sub1 and Sub2 is Nationstar Mortgage Holdings Inc. ("NSM Holdings"), a Delaware corporation with a principal place of business in Texas.

    c. Defendant Wilmington Trust is a national banking association with its main office designated in its Articles of Association in Wilmington, Delaware.  *See* Office of the Comptroller of the Currency, U.S. Department of Treasury, National Banks & Federal Savings Associations list, List of National Banks & Federal Branches and Agencies, https://www.occ.treas.gov/topics/charters-and-licensing/financial-institution-lists/national-by-name.pdf, last visited April 7, 2023.  For purposes of diversity jurisdiction, Wilmington Trust is a citizen of Delaware.[1]

  3. Likewise, pursuant to 28 U.S.C. § 1332(a), the amount-in-controversy requirement, exclusive of interest and costs, is met.

    a. "The value of the matter in controversy is measured not by the monetary judgment which the plaintiff may recover but by the judgment's pecuniary consequences to those involved in the litigation."  *Richard C. Young & Co., Ltd. v. Leventhal*, 389 F.3d 1, 3 (1st Cir. 2004).  Where the right to enforce a mortgage loan is at issue, the original principal amount of the mortgage may constitute the amount in controversy for diversity of jurisdiction purposes. *See Barbosa v. Wells Fargo Bank, N.A.,* 2013 WL 4056180, at *5 (D. Mass. Aug. 13, 2013) ("[T]he fact that the original amount of the March 2007 mortgage on the premises was $531,000 suffices to show by a reasonable probability that the value of the Barbosas' property exceeds $75,000 at the time this action was removed"); *McKenna v. Wells Fargo Bank, N.A*., 693 F.3d 207, 211-12 (1st Cir. 2012) (considering, among other potential tests, the loan amount as amount in controversy in cases where complaint seeks to invalidate a loan secured by a mortgage); *McLarnon v. Deutsche Bank National Trust Company*, C.A. 15-11799-FDS, 2015 WL 420127, at *3 (D. Mass. July 10,

---

[1] The Court may take judicial notice that Wilmington Trust is a national bank. *See In Hollingworth*, 453 B.R. 32, 35 (2011) (citing *United States v. Harris*, 530 F.2d 576, 578 (4th Cir. 1976); *United States v. Thomas*, 610 F.2d 1166, 1171 (3d Cir. 1979) (justifying taking judicial notice of bank's national character because the word "National" in a bank's title is "virtually conclusive evidence that the bank is federally chartered")).

2015) (holding that amount in controversy can be determined by the face value of the loan in question); *Larace v. Wells Fargo Bank, N.A.*, 972 F. Supp. 2d. 147, 151 (D. Mass. 2013) ("[I]t is reasonable to designate the amount in controversy as the value of the mortgage, since Plaintiffs' petition does not specify a damage amount and Defendants' mortgage interest would be extinguished if Plaintiffs were ultimately successful.").

        b.        Plaintiff's Complaint seeks to, *inter alia*, challenge Mr. Cooper and/or Wilmington Trust's right to enforce a loan in the original principal amount of $2,940,000.00 ("Loan") and foreclose on the mortgage that secures the Loan on the property known as 430 Grove Street, Needham, MA 02066 ("Property").

        c.        In calculating the amount in controversy, the Court should consider the total amount of monetary relief that the Plaintiff seeks to recover, or the financial impact the relief sought would have on the Defendant. *See Richard C. Young & Co. v. Leventhal*, 389 F.3d 1, 3 (1st Cir. 2004) (holding that the amount is measured by "the judgment's pecuniary consequences to those involved in the litigation."); *see also Dept. of Recreation & Sports v. World Boxing*, 942 F.2d 84, 90 (1st Cir. 1991).

        d.        In the Superior Court Action, Plaintiff asserted a claim of $1,000,000.00 in damages on the Civil Action Cover Sheet filed with the Court.

        e.        "For the purpose of establishing diversity jurisdiction, the amount in controversy is determined by looking to the circumstances at the time the complaint is filed." *See, e.g.*, *Barbosa v. Wells Fargo Bank, N.A.*, Civ. No. 12-12236-DJC, 2013 WL 4056180, at *3 (D.Mass. Aug. 13, 2013) (citation omitted).

4. Pursuant to LR 40.1, the Eastern Division of the District of Massachusetts is the proper venue for removal, because this Division includes Norfolk County, in which the Superior Court Action was filed.

5. Pursuant to LR 81.1, Defendants will, within twenty-eight (28) days after filing this Notice of Removal, file certified or attested copies of all records and proceedings in the State Court and a certified or attested copy of all docket entries in the State Court.

6. Pursuant to 28 U.S.C. § 1446(d), Defendants are simultaneously filing a copy of this Notice of Removal of the action with the Norfolk County Superior Court, in the Superior Court Action. Defendants will serve Plaintiff with a copy of this Notice of Removal and the Notice filed in the Superior Court Action.

7. By virtue of this Notice of Removal and the Notice filed in the Superior Court Action, Defendants do not waive their rights to assert any personal jurisdictional defense or other motions including Rule 12 motions and/or motions to compel arbitration permitted by the Federal Rules of Civil Procedure.

        Respectfully submitted,
DEFENDANTS,
NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and WILMINGTON TRUST, NATIONAL ASSOCIATION, AS SUCCESSOR TRUSTEE TO CITIBANK, N.A., AS TRUSTEE FOR BEAR STEARNS ALT-A TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-6,
By their attorney,

 /s/ David W. Merritt
David W. Merritt (BBO No. 672400)
BERNKOPF GOODMAN LLP
Two Seaport Lane, 9th Floor
Boston, MA  02210
Tel: (617) 790-3437
Fax: (617) 790-3300
dmerritt@bernkopflegal.com

Dated: April 12, 2023

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANE E. O'BRIEN,<br><br>      Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER and WILMINGTON TRUST, NATIONAL ASSOCIATION, AS SUCCESSOR TRUSTEE TO CITIBANK, N.A., AS TRUSTEE FOR BEAR STEARNS ALT-A TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-6,<br><br>      Defendants. | Civil Action No.<br><br>(Norfolk Superior Court No. 2382CV00268) |

**CERTIFICATE OF SERVICE**

I, David W. Merritt, hereby certify that a copy of the foregoing will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 12th day of April, 2023.

Signed under the pains and penalties of perjury this 12th day of April, 2023.

                                                        */s/ David W. Merritt*
                                                        David W. Merritt